**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Lee BROWN, Defendant–
Appellant.**

No. 03–40464.

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 2003.

James Lee Turner, Assistant US Attorney, Kathlyn Giannaula Snyder, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Christopher Atkinson Jenkins, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.*

David Lee Brown appeals from his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Relying on our decision in *United States v. Emerson,* 270 F.3d 203 (5th Cir.2001), *cert. denied,* 536 U.S. 907, 122 S.Ct. 2362, 153 L.Ed.2d 184 (2002), that the Second Amendment affords individuals a protected right to bear arms, Brown argues that 18 U.S.C. § 922(g)(1) is not narrowly tailored in light of the interplay of the Second Amendment

and the regulation of interstate commerce under the Commerce Clause, is overly broad in its reach given the legislative history of its intent, and unevenly burdens a fundamental right in violation of equal protection by relying on inconsistent state law definitions.

Because Brown did not make the above arguments in the district court either at rearraignment or at sentencing, our review is for plain error. *See United States v. Munoz,* 150 F.3d 401, 419 (5th Cir.1998); *United States v. Krout,* 66 F.3d 1420, 1434 (5th Cir.1995). We specifically recognized in *Emerson* that "it is clear that *felons,* infants, and those of unsound mind may be prohibited from possessing firearms." *Emerson,* 270 F.3d at 261 (emphasis added). In light of this recognition, we conclude that Brown has failed to demonstrate plain error. *See United States v. Calverley,* 37 F.3d 160, 162–64 (5th Cir. 1994) (en banc).

Relying on the Supreme Court's decisions in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Brown also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. Alternatively, he argues that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past. Brown raises these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, they

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are foreclosed by existing Fifth Circuit precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.